# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH NEWMAN-BEY, <br>     Plaintiff, <br><br> v. <br><br> PRIME CARE MEDICAL INC., <br>     Defendants. | : <br> : <br> : <br> : CIVIL ACTION NO. 19-CV-2069 <br> : **FILED** <br> : MAY 17 2019 <br> : KATE BARKMAN, Clerk <br>   By_____Dep. Clerk |

## MEMORANDUM

**BEETLESTONE, J.**                                                                 MAY    , 2019

Plaintiff Joseph Newman-Bey, a prisoner incarcerated at the Berks County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, against Prime Care Medical, Inc., and Jesse Kirsch. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Newman-Bey leave to proceed *in forma pauperis*, dismiss his Complaint, and give Newman-Bey an opportunity to file an amended complaint.

### I.   FACTS

Newman-Bey alleges that he passed out from being over-medicated and "still [has] pain in [his] eyes and head." (Compl. at 3.) He asserts that "medical staff did not test [him] for brain damage" and he continued to experience pain "in [his] eyes [and] brain." (*Id.*) Newman-Bey also alleges that "medical can't tell [him] why this is happening to [him]." (*Id.*) Newman-Bey asks the Court to "find Prime Care and Jesse Kirsch liable for over medicating [him] causing [him] to pass out" and to award him $500,000. (*Id.* at 5.) The Court understands Newman-Bey to be pursuing an Eighth Amendment claim based on deliberate indifference to his medical needs.

1

## II. STANDARD OF REVIEW

The Court grants Newman-Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Newman-Bey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state an Eighth Amendment claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[2] A prison official is

---

[1] However, as Newman-Bey is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[2] The Complaint indicates that Newman-Bey is a convicted and sentenced prisoner, (Compl. at 4), so the Eighth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

2

not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted). A private corporation under contract to provide prison health services may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

3

Newman-Bey appears to be alleging that Kirsch was responsible for overmedicating him. But he does not allege facts establishing that Kirsch acted with deliberate indifference as opposed to negligence. He has also failed to allege facts establishing that Kirsch was aware of a serious medical need at the time or after he passed out. Newman-Bey also fails to allege a policy or custom of Prime Care that caused the violation of his rights. Accordingly, the Complaint does not state a claim as pled.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Newman-Bey's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Newman-Bey an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.

BY THE COURT:

**WENDY BEETLESTONE, J.**